## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                    :
MALIK YARRELL,                      :
                                    :   Civil Action No. 10-5337 (FSH)
            Petitioner,             :
                                    :
     v.                             :   **OPINION**
                                    :
GREG BARTKOWSKI, et. al.,            :
                                    :
            Respondents.            :
_____ :

**APPEARANCES**:

    **MALIK YARRELL**, Petitioner Pro Se
    # 442508/856203B
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625

**HOCHBERG**, District Judge

    This matter is before the Court on petitioner Malik Yarrell's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he is challenging his 2003 New Jersey state court conviction and sentence. For reasons discussed below, it appears from review of the petition papers provided by petitioner that his § 2254 habeas petition is subject to dismissal as time-barred under 28 U.S.C. § 2244(d).[1]

---

[1] Although the statute of limitations is an affirmative defense, Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002), cert. denied, 124 S.Ct. 48 (2003), it is appropriate for a

I.   PROCEDURAL BACKGROUND

Petitioner, Malik Yarrell ("Yarrell"), filed a petition for habeas corpus relief on or about October 12, 2010.[2] According to the allegations contained in his petition, Yarrell was convicted on or about January 17, 2003, in the Superior Court of New Jersey, Law Division, Essex County, on multiple indictments charging him with conspiracy to commit murder, purposeful or knowing murder, and weapons offenses.  Yarrell had entered a guilty plea to all charges in three indictments, on December 18,

---

district court to raise the issue sua sponte prior to ordering an answer.  The Supreme Court held that district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition; however, the district court must accord the parties fair notice and an opportunity to present their positions on the issue of time bar if the record shows that the petition is untimely.  Day v. McDonough, 126 S.Ct. 1675, 1684 (April 25, 2006).

   [2] Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court.  See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition).  Often times, when the Court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition.  See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition).  Here, Yarrell signed his petition on October 12, 2010.  Therefore, the Court will use the date October 12, 2010, for statute of limitation purposes, as the date this habeas action was filed, rather than the date the petition was received by the Court on October 15, 2010.

2000, pursuant to a plea agreement wherein he consented to testify truthfully against his co-defendants in exchange for the State to dismiss a fourth indictment and recommend an aggregate sentence of 30 years with a 30-year period of parole ineligibility.  On January 17, 2003, the sentencing judge found that Yarrell had breached his plea agreement by refusing to testify against two of his co-defendants, and sentenced Yarrell to consecutive life sentences with 30-year periods of parole ineligibility.

    Yarrell filed a direct appeal from his conviction and sentence to the Superior Court of New Jersey, Appellate Division. On October 20, 2005, the Appellate Division affirmed the conviction and sentence in part, finding that the consecutive life sentences and aggregate 60-year period of parole ineligibility were not manifestly excessive or unduly punitive and did not constitute an abuse of discretion.  The court found that the murder convictions were based on separate and distinct acts of violence, involving multiple victims, and were predominantly independent of each other.  However, the court reversed in part and remanded for entry of corrected judgments of conviction merging the convictions for possession of a weapon for an unlawful purpose with the murder convictions and sentencing of defendant separately on the convictions for unlawful possession

of weapons without a permit.  See State v. Yarrell, 2005 WL 2665472 (N.J. Super. App. Div., Oct. 20, 2005).  The Supreme Court of New Jersey denied certification on April 4, 2006.  See State v. Yarrell, 186 N.J. 603 (2006).  Yarrell did not file a petition for a writ of certiorari with the Supreme Court of the United States.

Yarrell states that he filed a petition for post-conviction relief ("PCR"), in the Superior Court of New Jersey, Law Division, Essex County, on or about June 5, 2006.  See Petition at ¶ 11(a)(3).  His state PCR petition was denied on February 22, 2007.  Yarrell then appealed from denial of his state PCR petition to the Appellate Division.  The Appellate Division affirmed denial of post conviction relief on April 9, 2009. State v. Yarrell, 2009 WL 937216 (N.J. Super. App. Div., April 9, 2009); see also Petition at ¶ 11(a)(8).  The Supreme Court denied certification on July 15, 2009.  State v. Yarrell, 200 N.J. 207 (2009); see also Petition at ¶ 11(b)(8).

As stated above, Yarrell filed this federal habeas petition on October 12, 2010.

## II.   STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).

4

A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### III.   STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law.  See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996).

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

The limitations period is tolled, however, during the time a properly filed application for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2).  An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[3] during the period between

---

[3] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question

6

a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. Nevertheless, § 2244(d)(2) does not toll the one year statute of limitations during the pendency of a state prisoner's petition for writ of certiorari in the United States Supreme Court.  See Lawrence v. Florida, 549 U.S. 327, 332-33 (2007);  Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

Here, Yarrell's judgment of conviction became final after the enactment of AEDPA.  The judgment of conviction was entered on or about January 17, 2003, and Yarrell filed a direct appeal shortly thereafter.  On October 20, 2005, the Appellate Division affirmed the conviction and the sentences for consecutive life sentences with an aggregate 60-year period of parole ineligibility but remanded the matter for entry of corrected judgments of conviction merging the convictions for possession of a weapon for an unlawful purpose with the murder convictions and

---

whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.  Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

sentencing Yarrell separately on the convictions for unlawful possession of weapons without a permit.  The New Jersey Supreme Court thereafter denied certification on April 4, 2006.  Yarrell did not file a petition for a writ of certiorari with the Supreme Court of the United States.  Therefore, Yarrell's judgment of conviction became final 90 days after Aril 4, 2006, or on July 5, 2006.  See Swartz, 204 F.3d at 419; Morris, 187 F.3d at 337 n.1; U.S. Sup. Ct. R. 13.

Accordingly, Yarrell had one year from the date on which his judgment of conviction became final under § 2244(d)(1)(A), July 5, 2006, or until July 5, 2007, to timely file his federal habeas petition under § 2254.

To permit tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(2), Yarrell would have had to file his state PCR petition before the one-year period had expired, or before July 5, 2007.  Otherwise, the state PCR petition would not serve to toll the statute of limitations.  In this case, Yarrell filed his state PCR petition on June 5, 2006.  Therefore, statutory tolling commenced before expiration of the one-year statute of limitations on July 5, 2007.

The limitations period continued to toll until state court review in Yarrell's PCR proceedings completed on July 15, 2009, when the New Jersey Supreme Court denied certification on appeal

8

from denial of Yarrell's state PCR petition.  Therefore, Yarrell had one year from July 15, 2009, or until July 15, 2010, to timely file his federal habeas petition.  See <u>Lawrence v. Florida</u>, 549 U.S. at 332-33; <u>Stokes</u>, 247 F.3d at 542 (§ 2244(d)(2) does not toll the one year statute of limitations during the pendency of a state prisoner's petition for writ of certiorari in the United States Supreme Court).

Yarrell did not file his habeas petition until October 12, 2010, almost three months after his limitations period had expired.  He provides no reason for his delay in filing this petition out of time.  Therefore, it would appear from the face of the petition that this habeas action is now time-barred under 28 U.S.C. § 2244(d).

Before the Court can dismiss this action as time-barred, however, it is appropriate that the parties be given the opportunity to address the issue of timeliness.  See <u>Day v. McDonough</u>, 547 U.S. 198 (2006)(district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition, but must accord the parties fair notice and an opportunity to present their positions).

Yarrell may be able to overcome this statutory time bar if he can show that the limitations period did not expire as determined by this Court, or if he can show a basis for equitable

9

tolling.  See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005).  The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."  LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005).  Mere excusable neglect is not sufficient.  Id.; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where:  (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that

10

the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir.), cert. denied, 126 S.Ct. 473 (2005).[4]  Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

Therefore, before this Court can dismiss this petition as time-barred, an Order will be issued directing Yarrell to show cause why his petition should not be dismissed as time-barred.

---

[4] The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling.  Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

11

CONCLUSION

For the foregoing reasons, because this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 may be subject to dismissal as time-barred under 28 U.S.C. § 2244(d), the Court will order Yarrell to show cause in writing why his petition should not be dismissed as untimely.  An appropriate order follows.

s/ Faith S. Hochberg
FAITH S. HOCHBERG
United States District Judge

DATED: February 24, 2011