```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


MALIK YARRELL,                    :
                                  :    Civil Action No. 10-5337 (FSH)
            Petitioner,           :
                                  :
       v.                         :    OPINION
                                  :
GREG BARTKOWSKI, et al.,          :
                                  :
            Respondents.          :
```

**APPEARANCES**:

    MALIK YARRELL, Petitioner pro se
    #442508 SBI #856203B
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625

**HOCHBERG**, District Judge

    Petitioner Malik Yarrell, a convicted state prisoner currently confined at the New Jersey State Prison in Trenton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2003 New Jersey state court conviction.  For the reasons stated herein, the Petition will be dismissed as time-barred.

                    I.  PROCEDURAL BACKGROUND

    Petitioner, Malik Yarrell ("Yarrell"), filed a petition for habeas corpus relief on or about October 12, 2010.[1]  According to

---

[1] Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court.  See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which

the allegations contained in his petition, Yarrell was convicted on or about January 17, 2003, in the Superior Court of New Jersey, Law Division, Essex County, on multiple indictments charging him with conspiracy to commit murder, purposeful or knowing murder, and weapons offenses.  Yarrell had entered a guilty plea to all charges in three indictments, on December 18, 2000, pursuant to a plea agreement wherein he consented to testify truthfully against his co-defendants in exchange for the State to dismiss a fourth indictment and recommend an aggregate sentence of 30 years with a 30-year period of parole ineligibility.  On January 17, 2003, the sentencing judge found that Yarrell had breached his plea agreement by refusing to testify against two of his co-defendants, and sentenced Yarrell to consecutive life sentences with 30-year periods of parole ineligibility.

Yarrell filed a direct appeal from his conviction and sentence to the Superior Court of New Jersey, Appellate Division.

---

dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition).  Often times, when the Court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition.  See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition).  Here, Yarrell signed his petition on October 12, 2010.  Therefore, the Court will use the date October 12, 2010, for statute of limitation purposes, as the date this habeas action was filed, rather than the date the petition was received by the Court on October 15, 2010.

On October 20, 2005, the Appellate Division affirmed the conviction and sentence in part, finding that the consecutive life sentences and aggregate 60-year period of parole ineligibility were not manifestly excessive or unduly punitive and did not constitute an abuse of discretion.  The court found that the murder convictions were based on separate and distinct acts of violence, involving multiple victims, and were predominantly independent of each other.  However, the court reversed in part and remanded for entry of corrected judgments of conviction merging the convictions for possession of a weapon for an unlawful purpose with the murder convictions and sentencing of defendant separately on the convictions for unlawful possession of weapons without a permit.  See State v. Yarrell, 2005 WL 2665472 (N.J. Super. App. Div., Oct. 20, 2005).  The Supreme Court of New Jersey denied certification on April 4, 2006.  See State v. Yarrell, 186 N.J. 603 (2006).  Yarrell did not file a petition for a writ of certiorari with the Supreme Court of the United States.

   Yarrell states that he filed a petition for post-conviction relief ("PCR"), in the Superior Court of New Jersey, Law Division, Essex County, on or about June 5, 2006.  See Petition at ¶ 11(a)(3).  His state PCR petition was denied on February 22, 2007.  Yarrell then appealed from denial of his state PCR petition to the Appellate Division.  The Appellate Division

affirmed denial of post conviction relief on April 9, 2009. State v. Yarrell, 2009 WL 937216 (N.J. Super. App. Div., April 9, 2009); see also Petition at ¶ 11(a)(8). The Supreme Court denied certification on July 15, 2009. State v. Yarrell, 200 N.J. 207 (2009); see also Petition at ¶ 11(b)(8).

As stated above, Yarrell filed this federal habeas petition on October 12, 2010. On February 24, 2011, this Court issued an Opinion and Order directing Yarrell to show cause in writing why his habeas petition should not be dismissed as time-barred under 28 U.S.C. § 2244(d). (Docket entry nos. 2, 3). Yarrell filed a response on or about March 11, 2011. (Docket entry no. 5).

In his response, Yarrell appears to argue that equitable tolling should apply because he had limited access to the prison law library, and that he relied, mistakenly, on the advice of law library paralegals that the 90-day period for a petition for certiorari to the United States Supreme Court would be applied, thus making his habeas petition timely. (Petitioner's Response, Docket entry no. 5, pg. 3).

## II.  STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney

4

General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Because petitioner is a pro se litigant, the Court will accord his petition the liberal construction intended for pro se petitioners.

### III.   STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law.  See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996).  The Third Circuit has ruled that state prisoners whose convictions became final before the April 24, 1996 enactment of AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254.  See Burns, 134 F.3d at 111.  See also Lindh v. Murphy, 521 U.S. 320, 326-27 (1997)("[t]he statute reveals Congress' intent to apply the

5

amendments to chapter 153 only to such cases as were filed after the statute's enactment").

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

As noted above, where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition. Burns, 134 F.3d at 111. However, that limitations period is tolled during the time a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[2] during the period between

---

[2] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules

a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. Nevertheless, § 2244(d)(2) does not toll the one year statute of limitations during the pendency of a state prisoner's petition for writ of certiorari in the United States Supreme Court. See Lawrence v. Florida, 549 U.S. 327, 332-33 (2007); Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

Here, Yarrell's judgment of conviction became final after the enactment of AEDPA. The judgment of conviction was entered on or about January 17, 2003, and Yarrell filed a direct appeal shortly thereafter. On October 20, 2005, the Appellate Division affirmed the conviction and the sentences for consecutive life sentences with an aggregate 60-year period of parole ineligibility but remanded the matter for entry of corrected judgments of conviction merging the convictions for possession of a weapon for an unlawful purpose with the murder convictions and

---

governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar. Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

7

sentencing Yarrell separately on the convictions for unlawful possession of weapons without a permit.  The New Jersey Supreme Court thereafter denied certification on April 4, 2006.  Yarrell did not file a petition for a writ of certiorari with the Supreme Court of the United States.  Therefore, Yarrell's judgment of conviction became final 90 days after Aril 4, 2006, or on July 5, 2006.  See Swartz, 204 F.3d at 419; Morris, 187 F.3d at 337 n.1; U.S. Sup. Ct. R. 13.

Accordingly, Yarrell had one year from the date on which his judgment of conviction became final under § 2244(d)(1)(A), July 5, 2006, or until July 5, 2007, to timely file his federal habeas petition under § 2254.

To permit tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(2), Yarrell would have had to file his state PCR petition before the one-year period had expired, or before July 5, 2007.  Otherwise, the state PCR petition would not serve to toll the statute of limitations.  In this case, Yarrell filed his state PCR petition on June 5, 2006.  Therefore, statutory tolling commenced before expiration of the one-year statute of limitations on July 5, 2007.

The limitations period continued to toll until state court review in Yarrell's PCR proceedings completed on July 15, 2009, when the New Jersey Supreme Court denied certification on appeal from denial of Yarrell's state PCR petition.  Therefore, Yarrell had one year from July 15, 2009, or until July 15, 2010, to

8

timely file his federal habeas petition.  See Lawrence v. Florida, 549 U.S. at 332-33; Stokes, 247 F.3d at 542 (§ 2244(d)(2) does not toll the one year statute of limitations during the pendency of a state prisoner's petition for writ of certiorari in the United States Supreme Court).

Yarrell did not file his habeas petition until October 12, 2010, almost three months after his limitations period had expired.  In his response to this Court's February 24, 2011 Order to Show Cause, Yarrell states that his delay should be excused, ostensibly on grounds of equitable tolling, because he mistakenly relied on the advice of law library paralegals at the prison that his petition would be timely because the 90-day period for certiorari filing would apply, which it does not.  See Lawrence v. Florida, 549 U.S. at 332-33; Stokes, 247 F.3d at 542 (§ 2244(d)(2) does not toll the one year statute of limitations during the pendency of a state prisoner's petition for writ of certiorari in the United States Supreme Court).

Yarrell's argument fails to overcome this statutory time bar by equitable tolling.  See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

9

stood in his way and prevented timely filing." Lawrence, 549 U.S. at 336; Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005); Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003).

The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005). However, the court cautioned that courts should use the equitable tolling doctrine "sparingly," "only in the rare situation where it is demanded by sound legal principles as well as the interest of justice." Lacava, 398 F.3d at 275 (3d Cir. 2005). A mere showing of "excusable neglect is not sufficient" to warrant equitable tolling. Id. at 276; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir.), cert. denied, 546 U.S. 957

(2005).³ Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

In this case, Yarrell's reliance on erroneous advice from prisoner paralegals would not serve to excuse his late filing. For equitable tolling to apply, Yarrell still must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." See Lawrence, 549 U.S. at 336. See also Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2562 (June 14, 2010)(holding that the one-year limitations period under AEDPA is subject to equitable tolling "in appropriate cases," where the petitioner demonstrates (1) that he has been pursuing his rights diligently, and (2) that some "extraordinary circumstances stood in his way and prevented timely filing"). Here, Yarrell simply can not show diligent effort in pursuing his rights. He does not explain how

---

³ The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

11

limited access to the prison law library prevented his timely filing.  Indeed, this Court finds that if Yarrell had exercised reasonable diligence, he could have brought his claims in a timely fashion.  Yarrell has not demonstrated that (1) he had been actively misled by state officials; (2) he had been prevented from asserting his rights in some extraordinary way; (3) he timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court had misled him regarding the steps that he needed to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d at 230.

Rather, Yarrell's only excuse would appear to be that he miscalculated the statutory limitations period based on the advice of a prisoner paralegal.  Miscalculation of the remaining time on a limitations period does not constitute extraordinary circumstances to permit equitable tolling.  Fahey, 240 F.3d at 244; see also Johnson v. Hendricks, 314 F.3d 159, 161, 163 (3d Cir. 2002), cert. denied, 538 U.S. 1022 (2003).  Moreover, even if Yarrell was ignorant of the fact that the limitations period began to run on July 15, 2009, when the state Supreme Court denied certification on appeal from denial of Yarrell's state PCR petition, ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.  Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001).  Courts have been loathe to excuse late filings simply because a pro se prisoner misreads the law.  Delaney v.

Matesanz, 264 F.3d 7, 15 (1st Cir. 2001)("While judges are generally lenient with pro se litigants, the Constitution does not require courts to undertake heroic measures to save pro se litigants from the readily foreseeable consequences of their own inaction."); see also Jones, 195 F.3d at 159-60.

Therefore, the Court concludes that the habeas petition is time-barred and this habeas petition will be dismissed with prejudice accordingly.

## IV.   CERTIFICATE OF APPEALABILITY

The Court next must determine whether a certificate of appealability should issue. See Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable:  (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

For the reasons discussed above, this § 2254 habeas petition is clearly time-barred.  The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion.  Consequently, a certificate of appealability will not be issued.

CONCLUSION

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d).  No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2).  An appropriate order follows.

s/ Faith S. Hochberg
FAITH S. HOCHBERG
United States District Judge

DATED: October 18, 2011