**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MALIK YARRELL, | : | |
| | : | Civil Action No. 10-5337 (FSH) |
| Petitioner, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| GREG BARTKOWSKI, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES**:

    MALIK YARRELL, Petitioner pro se
    #442508/856203B
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625

**HOCHBERG**, District Judge

    This matter comes before the Court upon pro se petitioner, Malik Yarrell's ("Yarrell") motion for reconsideration of this Court's October 18, 2011 Opinion and Order that dismissed Yarrell's petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, as time-barred. (Docket Entry Nos. 6 and 7). Yarrell filed his motion for reconsideration on or about October 23, 2011.[1] (Docket Entry No. 8).

---

    [1] Pursuant to the "prison mailbox rule," pleadings filed by prisoners are deemed filed on the date the prisoner delivers same to prison officials for mailing, not on the date the pleading is ultimately filed with the court. See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se

In order to entertain petitioner's motion for reconsideration, the Court will have the Clerk reopen the file. This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the motion will be denied, and the Clerk will be directed to re-close the file.

## I. BACKGROUND

Yarrell filed his § 2254 petition for habeas corpus relief on or about October 12, 2010, as determined by this Court pursuant to the "prison mailbox rule," which holds that a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court. See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition). According to the allegations contained in his petition, Yarrell was convicted on

---

prisoner's filing of a habeas petition). Although the Court is unable to determine the exact date that Yarrell handed his motion for reconsideration to prison officials for mailing, the letter motion was dated by petitioner on October 23, 2011. See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition). Accordingly, the Court finds that October 23, 2011 was the date this motion was filed, and not the date the motion was received by the Clerk of the Court on October 26, 2011.

or about January 17, 2003, in the Superior Court of New Jersey, Law Division, Essex County, on multiple indictments charging him with conspiracy to commit murder, purposeful or knowing murder, and weapons offenses.  Yarrell had entered a guilty plea to all charges in three indictments, on December 18, 2000, pursuant to a plea agreement wherein he consented to testify truthfully against his co-defendants in exchange for the State to dismiss a fourth indictment and recommend an aggregate sentence of 30 years with a 30-year period of parole ineligibility.  On January 17, 2003, the sentencing judge found that Yarrell had breached his plea agreement by refusing to testify against two of his co-defendants, and sentenced Yarrell to consecutive life sentences with 30-year periods of parole ineligibility.

Yarrell filed a direct appeal from his conviction and sentence to the Superior Court of New Jersey, Appellate Division. On October 20, 2005, the Appellate Division affirmed the conviction and sentence in part, finding that the consecutive life sentences and aggregate 60-year period of parole ineligibility were not manifestly excessive or unduly punitive and did not constitute an abuse of discretion.  The court found that the murder convictions were based on separate and distinct acts of violence, involving multiple victims, and were predominantly independent of each other.  However, the court reversed in part and remanded for entry of corrected judgments of

3

conviction merging the convictions for possession of a weapon for an unlawful purpose with the murder convictions and sentencing of defendant separately on the convictions for unlawful possession of weapons without a permit.  See State v. Yarrell, 2005 WL 2665472 (N.J. Super. App. Div., Oct. 20, 2005).  The Supreme Court of New Jersey denied certification on April 4, 2006.  See State v. Yarrell, 186 N.J. 603 (2006).  Yarrell did not file a petition for a writ of certiorari with the Supreme Court of the United States.

Yarrell thereafter filed a petition for post-conviction relief ("PCR"), in the Superior Court of New Jersey, Law Division, Essex County, on or about June 5, 2006.  See Petition at ¶ 11(a)(3).  His state PCR petition was denied on February 22, 2007.  Yarrell then appealed from denial of his state PCR petition to the Appellate Division.  The Appellate Division affirmed denial of post conviction relief on April 9, 2009. State v. Yarrell, 2009 WL 937216 (N.J. Super. App. Div., April 9, 2009); see also Petition at ¶ 11(a)(8).  The Supreme Court denied certification on July 15, 2009.  State v. Yarrell, 200 N.J. 207 (2009); see also Petition at ¶ 11(b)(8).

Yarrell filed this federal habeas petition on October 12, 2010.  On February 24, 2011, this Court issued an Opinion and Order directing Yarrell to show cause in writing why his habeas petition should not be dismissed as time-barred under 28 U.S.C. §

2244(d).  (Docket entry nos. 2, 3).  Yarrell filed a response on or about March 11, 2011.  (Docket entry no. 5).

In his response, Yarrell argued that equitable tolling should apply because he had limited access to the prison law library, and that he relied, mistakenly, on the advice of law library paralegals that the 90-day period for a petition for certiorari to the United States Supreme Court would be applied, thus making his habeas petition timely.  (Petitioner's Response, Docket entry no. 5, pg. 3).

On October 18, 2011, this Court issued an Opinion and Order dismissing the petition as time-barred.  Specifically, this Court found that the petition was untimely because Yarrell did not file his habeas petition until October 12, 2010, almost three months after his limitations period had expired on or about July 15, 2010.  This Court also found that Yarrell's response to the Order to Show Cause was insufficient to establish equitable tolling.  In particular, this Court ruled:

> In this case, Yarrell's reliance on erroneous advice from prisoner paralegals would not serve to excuse his late filing.  For equitable tolling to apply, Yarrell still must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  See Lawrence, 549 U.S. at 336.  See also Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2562 (June 14, 2010)(holding that the one-year limitations period under AEDPA is subject to equitable tolling "in appropriate cases," where the petitioner demonstrates (1) that he has been pursuing his rights diligently, and (2) that some "extraordinary circumstances stood in his way and prevented timely filing").  Here, Yarrell simply can not show diligent effort in pursuing his

> rights. He does not explain how limited access to the prison law library prevented his timely filing. Indeed, this Court finds that if Yarrell had exercised reasonable diligence, he could have brought his claims in a timely fashion. Yarrell has not demonstrated that (1) he had been actively misled by state officials; (2) he had been prevented from asserting his rights in some extraordinary way; (3) he timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court had misled him regarding the steps that he needed to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d at 230.
>
> Rather, Yarrell's only excuse would appear to be that he miscalculated the statutory limitations period based on the advice of a prisoner paralegal. Miscalculation of the remaining time on a limitations period does not constitute extraordinary circumstances to permit equitable tolling. Fahey, 240 F.3d at 244; see also Johnson v. Hendricks, 314 F.3d 159, 161, 163 (3d Cir. 2002), cert. denied, 538 U.S. 1022 (2003). Moreover, even if Yarrell was ignorant of the fact that the limitations period began to run on July 15, 2009, when the state Supreme Court denied certification on appeal from denial of Yarrell's state PCR petition, ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing. Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001). Courts have been loathe to excuse late filings simply because a pro se prisoner misreads the law. Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001)("While judges are generally lenient with pro se litigants, the Constitution does not require courts to undertake heroic measures to save pro se litigants from the readily foreseeable consequences of their own inaction."); see also Jones, 195 F.3d at 159-60.

(October 18, 2011 Opinion at pp. 11-13, Docket entry no. 6).

In a letter motion dated October 23, 2011 (Docket entry no. 8), Yarrell contends that reconsideration is appropriate because he believed his petition was timely and consequently, he did not file a motion seeking permission to file his petition nunc pro tunc because he did not know that he could do so. He makes no further argument to show that his petition was indeed timely, nor

does he argue that the Court overlooked any legal or factual issues that would warrant reconsideration.

## II.  **ANALYSIS**

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b).  Id. In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.  Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion.  L. Civ. R. 7.1(i); see NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996).  The standard for reargument is high and reconsideration is to be granted only sparingly.  See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café v.

Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L.Civ.R. 7.1(i); Dunn v. Reed Group, 2010 U.S. Dist. LEXIS 2438 (D.N.J. Jan. 13, 2010)(L.Civ.R. 7.1(i) creates a specific procedure by which a party may ask the court to take a second look at any decision "upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision").  "The word 'overlooked' is the operative term in the Rule."  Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

   Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue.  See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court.  Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279

8

(D.N.J. 1988).  Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision.  See Resorts Int'l, 830 F. Supp. at 831 n.3.  A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing.  See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(i) does not allow parties to restate arguments which the court has already considered.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."  Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

Here, Yarrell fails to allege that this Court "overlooked" a factual or legal issue that may alter the disposition of the matter, which is necessary for the Court to entertain the motion for reconsideration.  Instead, Yarrell simply disagrees with this Court's assessment that the petition was untimely filed, and erroneously suggests that he could have overcome this statutory bar simply by filing a motion to have his petition considered timely filed nunc pro tunc.

Consequently, Yarrell cannot satisfy the threshold for granting a motion for reconsideration.  He has not presented the Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice.  Yarrell's only recourse, if he disagrees with this Court's decision, should be via the normal appellate process.  He may not use a motion for reconsideration to re-litigate a matter that has been thoroughly adjudicated by this Court.

## III. **CONCLUSION**

Therefore, for the reasons expressed above, the Clerk will be directed to reopen this file for review of Yarrell's motion for reconsideration, and the motion will be denied for lack of merit.  An appropriate Order follows.


                                        s/ Faith S. Hochberg
                                        FAITH S. HOCHBERG
                                        United States District Judge
Dated: May 7, 2012